**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis (SD-0016)
Ross H. Schmierer, Esq. (RS-7215)
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
(856) 797-9951
sdenittis@denittislaw.com
rschmierer@denittislaw.com

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq.
*(Pro Hac Vice forthcoming)*
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
(800) 400-6808
ak@kazlg.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Acutecare Health System, LLC, | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| The Olson Research Group, Inc., | |
| Defendant. | |

## CLASS ACTION COMPLAINT

1.    Acutecare Health System, LLC ("Plaintiff"), brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of The Olson Research Group, Inc. ("Defendant") in negligently and/or intentionally sending an unsolicited advertisement to Plaintiff's facsimile machine, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

2.    As Judge Easterbrook of the Seventh Circuit explained in a TCPA case, "The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions…" *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

3.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4.    Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the City of Oceanport, State of New Jersey because it conducts business is in the City of Oceanport, State of New Jersey.

## PARTIES

5.    Plaintiff is, and at all times mentioned herein was, located in the City of Oceanport, State of New Jersey.

6.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

7.    Defendant is located in the City of Yardley, in the State of Pennsylvania.

8.    Defendant is, and at all times mentioned herein were, corporations and each was a "person," as defined by 47 U.S.C. § 153 (39).

9.    At all times relevant, Defendant conducted business in the State of New Jersey and in the City of Oceanport, within this judicial district.

## FACTUAL ALLEGATIONS

10.   On May 30, 2018, Defendant used Defendant's telephone facsimile machine to send an unsolicited advertisement to Plaintiff's facsimile machine. A true and accurate copy of the facsimile is attached hereto as **Exhibit A**.

11.   Defendant's telephone facsimile machine has the capacity (A) to transcribe text or images or both from paper into an electric signal and to transmit that signal over a regular

telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper, as defined by 47 U.S.C. § 227(a)(3).

12. Defendant's May 30, 2018 advertisement attempted to solicit Plaintiff's representative to perform research work for Defendant in exchange for pay.

13. This May 30, 2018 facsimile transmission was advertising the commercial availability for paid work to Plaintiff pursuant to 47 U.S.C. § 227(a)(5).

14. Prior to May 30, 2018, Plaintiff did not have an established business relationship with Defendant.

15. Prior to May 30, 2018, Plaintiff did not voluntarily communicated Plaintiff's facsimile number to Defendant.

16. Prior to May 30, 2018, Plaintiff did not advertise its facsimile number for public distribution.

17. Defendant did not provide a notice on the first page of the advertisement pursuant to 47 U.S.C. § 227(2)(D).

18. Defendants calls forced Plaintiff and class members to pay for the costs of paper for unwanted and unsolicited advertisements from Defendant.

19. The facsimiles from Defendant's telephone facsimile machine to Plaintiff's facsimile were unsolicited by Plaintiff and without Plaintiff's permission or consent.

20. Plaintiff is informed and believes and hereupon alleges, that these facsimiles were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

21. The unsolicited advertisements by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(C).

## CLASS ACTION ALLEGATIONS

22.  Plaintiff brings this action on behalf of itself and on behalf of all others similarly situated (the "Class").

23.  Plaintiff represents, and is a member of the Class, consisting of:

All persons within the United States who did not have an established business relationship with Defendant and who received any unsolicited advertisement from Defendant's telephone facsimile machine or its agent/s and/or employee/s to said person's telephone facsimile machine, within the four years prior to the filing of the Complaint.

24.  Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

25.  Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephone facsimile machines by using Defendant's telephone facsimile machine, thereby causing Plaintiff and the Class members to incur certain charges for which Plaintiff and the Class members have to pay. Plaintiff and the Class members were damaged thereby.

26.  This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

27. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records and/or Defendant's agents' records.

28. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including but not necessarily limited to the following:

    a.    Whether, within the four years prior to the filing of the Complaint, Defendant or its agents sent any unsolicited advertisements to the Class (other than to class members who had an established business relationship with Defendant) using a telephone facsimile machine;

    b.    Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

29. As a person who received at least one unsolicited advertisement from Defendant's telephone facsimile machine, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

30. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

31. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

32. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

33. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST COUNT
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. 227

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

36. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
## KNOWING AND/OR WILLFUL OF THE TCPA
## <u>47 U.S.C. 227</u>

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. It is clear this message sent by Defendant is an unsolicited advertisement intentionally sent to Plaintiff.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

A.  Certification of the class under Fed. R. Civ. P. 23;

B.  On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and (ii) pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

C.  On the Second Count, as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks: (i) $1,500.00 in statutory damages, for each and

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and (ii) pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

D.      Attorney's fees and costs; and

E.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: August 9, 2018

**DeNITTIS OSEFCHEN PRINCE, P.C.**

By:     s/ Ross H. Schmierer
        Ross H. Schmierer, Esq.
        525 Route 73 North, Suite 410
        Marlton, New Jersey 08053
        (T): (856) 797-9951
        rschmierer@denittislaw.com

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: August 9, 2018

DeNITTIS OSEFCHEN PRINCE, P.C.

By:    *s/ Ross H. Schmierer*
      Ross H. Schmierer, Esq.
      525 Route 73 North, Suite 410
      Marlton, New Jersey 08053
      (T): (856) 797-9951
      rschmierer@denittislaw.com

      *Attorneys for Plaintiff*

ADDITIONAL COUNSEL FOR PLAINTIFF

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (CA SBN: 225557)
*(Pro Hac Vice forthcoming)*
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
(T): (619) 233-7770
josh@westcoastlitigation.com